# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| JEREMIAH HALE | CIVIL ACTION 1:16-CV-01126 |
| VERSUS | CHIEF JUDGE DRELL |
| UNITED STATES OF AMERICA, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

### I. Background

Before the Court is Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Jeremiah Hale ("Hale"). Hale contends he was denied due process in a November 20, 2012 prison disciplinary hearing at the Federal Correctional Institution in Oakdale, Louisiana ("FCI-Oakdale"), because he was denied his right to call witnesses. Hale is presently confined in the Federal Correctional Institution-Pollock (Medium) ("FCI-Pollock") in Pollock, Louisiana.

Hale contends that, while he was confined in FCI-Oakdale (Low), he was written up for "Refusing to Provide a Urine Sample" on November 20, 2012 (Doc. 12-1, p. 6/20), found guilty at a hearing on December 18, 2012 before a Disciplinary Hearing Officer ("DHO"), and sentenced to the loss of 41 days good time (Doc. 12-1, pp. 13-16/20).

Hale raises the follow grounds for habeas relief in his petition:

1. The BOP violated Hale's right to Due Process by sustaining the DHO's illegal finding of guilty at FCI-Oakdale (Low), when Hale failed to provide a urine sample within the 2 hours allotted for urine samples, because C.O. Cobb failed to contact a Captain or Lieutenant to get an extension of time. Hale contends his medical records could have been acquired in accordance with BOP Policy 6060.08. The medical records would have substantiated Hale's averments that he was suffering from a medical condition that prevented him from providing urine in the time allotted, coupled with anxiety attacks.

2. The BOP violated Hale's right to Due Process by denying Hale his right to present witnesses in his defense after Hale timely notified his Staff Representative of the witnesses he wanted to call.

Respondent filed a brief in response to Hale's petition (Doc. 12), to which Hale replied (Doc. 15). Hale's petition is now before the Court for disposition.

## II. Law and Analysis

Respondent contends Hale's petition must be dismissed because he failed to properly exhaust his administrative remedies.

Federal regulations afford federal prisoners administrative review of the computation of their good time credits, see 28 CFR §§ 542.10-542.16 (1990), and prisoners may seek judicial review of those computations after exhausting their administrative remedies. See U.S. v. Wilson, 503 U.S. 329, 335-336 (1992), and cases cited therein. The first step of the administrative remedy is an informal resolution attempt filed with the prison staff. See 28 C.F.R. § 542.13. The second step is a formal grievance filed with the warden (BP-9). See 28 C.F.R. § 542.14. The third step is an appeal of the warden's decision to the Regional Director (BP-10), and the fourth step is an appeal of the Regional Director's decision to the General Counsel (BP-11). See Section 542.15.

Although the exhaustion requirements of the Prison Litigation Reform Act do not apply to a § 2241 petition, the judicially-created exhaustion requirement does apply. See Mayberry v. Pettiford, 74 Fed. Appx. 299, 299 (5th Cir. 2003); see also McMahon v. Fleming, 145 Fed. Appx. 887, 888 (5th Cir. 2005) (upholding dismissal of a § 2241 petition for failure to exhaust administrative remedies). Moreover, an inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal because proper exhaustion of administrative remedies is necessary. Woodford v. Ngo, 548 U.S. 81, 83–84 (2006).

Through an affidavit by M. Tobin, a BOP Legal Assistant responsible for logging and tracking regional administrative remedies (Doc. 12-2, p. 2/9), and Hale's administrative remedies (ARPs), Respondent shows that Hale filed two administrative remedies concerning the conduct of his November 20, 2012 disciplinary hearing. The first BP-10 was filed on January 25, 2013, and was rejected for excessive pages. The second BP-10 was filed on March 1, 2013, and alleged that Hale's staff representative had a conflict of interest, Hale was not allowed to call witnesses, and Hale was mentally deficient and physically ill at the time of the incident (Doc. 12-2, pp. 7-8/9). That ARP was denied by the Regional Director (Doc. 12-2, p. 9/9; Doc. 15-1, p. 17/38). An unrelated BP-11 was filed at the Central Office and, according to Respondent, was denied as untimely (Doc. 15-1, p. 11/38).

Tobin states in an affidavit (Doc. 12-2, p. 2/9) that Hale filed an appeal to the Central Office (BP-11) for a separate incident report concerning another refusal to urinate (Incident Report 2440410). The response from the Central Office attached to

3

Hale's petition (Doc. 1-3, p. 2/31) references Incident Report 2440410 and a DHO decision dated May 20, 2013. Clearly, the BP-11 response submitted by Hale (Doc. 1-3, p. 2/31) is not applicable to the November 2012 incident and January 3, 2013 DHO report complained of in (and attached to) his petition (Doc. 1-3, pp. 5-7/31). In any event, that appeal was rejected as untimely (Doc. 12-2, p. 2/9), so it could not have assisted Hale in proving exhaustion.

Hale further argues he subsequently exhausted his administrative remedies under the correct case number–744418-R1 (Doc. 15). However, No. 744418-R1 refers to a remedy (grievance) and not to a case ("incident report") number (Doc. 12-2, p. 5/9).

Defendants show through Tobin's affidavit that Hale did not exhaust his administrative remedies (Doc. 12-2, p. 3/9), and Hale has not carried his burden of proving exhaustion. Therefore, Defendants' motion to dismiss Hale's § 2241 petition for lack of exhaustion should be granted.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Hale's § 2241 habeas petition be DENIED AND DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being

served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of November, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge